# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GLORIA KINNEY,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0396**  (BOR Appeal No. 2049895)
(Claim No. 2013022616)

**KANAWHA VALLEY ENRICHMENT CENTER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gloria Kinney, by Patrick Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kanawha Valley Enrichment Center, by Katherine Arritt, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 1, 2015, in which the Board affirmed an October 1, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 26, 2012, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Kinney was employed as a teacher's aide with Kanawha Valley Enrichment Center. She alleges that she injured her right shoulder on October 22, 2012, when she was struck by a chair while attempting to restrain a three-year-old student who was in the midst of a violent outburst.[1] On January 14, 2013, Ms. Kinney was deposed. She testified that she injured her right shoulder on October 22, 2012, when she was struck by a chair while attempting to restrain a

---

[1] No medical evidence was introduced in the instant claim. The entirety of the evidentiary record consists of two affidavits authored by Ms. Kinney's supervisors and Ms. Kinney's deposition.

1

child, but did not realize that she sustained an injury until later that evening. Ms. Kinney testified that at the time of the incident, no other staff members were present and she immediately requested assistance. She stated that Rosalee Snead responded to her request for assistance, but left almost immediately without taking any action. Ms. Kinney admitted that she did not report the incident on the date that it occurred, and instead informed a co-worker of the incident after she sought medical treatment on October 23, 2012. Finally, she testified that she did not complete an incident report despite acknowledging that it is Kanawha Valley Enrichment Center's policy to complete a report for all incidents involving children.

Kaleisha Terry, the director of Kanawha Valley Enrichment Center, authored an affidavit on July 17, 2013. She stated that she encountered Ms. Kinney at the end of the workday on October 22, 2012, and Ms. Kinney made no mention of an incident involving a child. She then stated that during the course of the day on October 22, 2012, Ms. Kinney requested the assistance of a relief worker in her classroom and Ms. Snead was sent to assist her, but Ms. Kinney did not mention an incident involving a child or an injury. Ms. Terry stated that when Ms. Snead arrived at Ms. Kinney's classroom one of the children was crying, and Ms. Snead removed the child from the classroom. Ms. Terry then stated that Ms. Kinney did not mention the existence of an injury until the evening of October 23, 2012, when she dropped off a work excuse that she obtained after seeking treatment in an emergency department. She went on to state that Ms. Kinney informed her that she sought additional medical treatment on October 27, 2012, and October 31, 2012, but she never received copies of the notes excusing her from work despite Ms. Kinney's report that she had obtained them. Finally, Ms. Terry stated that she does not believe Ms. Kinney sustained a work-related injury.

Also on July 17, 2013, Shellie Terry, the owner of Kanawha Valley Enrichment Center, authored an affidavit. She stated that she encountered Ms. Kinney in the hallway near the end of the workday and again as Ms. Kinney was exiting the building on October 22, 2012, and further stated that Ms. Kinney did not mention an incident involving a child or an injury. Ms. Terry also stated that Ms. Kinney did not report the alleged injury until after receiving treatment in an emergency department on October 23, 2012. Finally, she also indicated that she does not believe that Ms. Kinney sustained a work-related injury.

The claims administrator rejected Ms. Kinney's application for workers' compensation benefits. In its Order affirming the claims administrator's decision, the Office of Judges held that the evidence of record fails to establish that Ms. Kinney sustained a right shoulder injury in the course of and resulting from her employment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated April 1, 2015. On appeal, Ms. Kinney asserts that her deposition testimony, as well as the content of the affidavits of record, establishes that she sustained a right shoulder injury in the course of her employment on October 22, 2012.

The Office of Judges found that Ms. Kinney's testimony concerning the events of October 22, 2012, is directly contradicted by the affidavits of record. Additionally, the Office of Judges noted that the evidentiary record is lacking in substance. Specifically, the Office of Judges noted that neither an affidavit nor testimony of Ms. Snead was entered into evidence, despite the fact that she was the employee most directly involved in the alleged incident.

2

Additionally, as was noted by the Office of Judges, it is significant that Ms. Kinney did not introduce any medical evidence in support of her claim when the evidentiary record indicates that she should have no less than three separate treatment records detailing the alleged injury. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 24, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II